IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA G. WHIGHAM,          )  | |
|     Plaintiff,          ) | |
| ) | |
| v.          ) | CIVIL ACTION NO. 15-00251-KD-C |
| ) | |
| UNITED STATES OF AMERICA,          ) | |
|     Defendant/Third-Party Plaintiff          ) | |
| ) | |
| v.          ) | |
| ) | |
| LYNN E. FOWLER,          ) | |
|     Third-Party Defendant          ) | |

**ORDER**

This matter is before the Court on Defendant's Rule 55(b) Motion for Entry of Default Judgment against Third-Party Defendant Lynn E. Fowler (Doc. 19). Plaintiff seeks default judgment against Fowler as she has failed to plead, answer or otherwise defend in this case.

**I.     Background**

This litigation concerns a dispute over the liability of Plaintiff Tonya G. Whigham (Whigham) and Third-Party Defendant Lynn E. Fowler (Fowler), for Trust Fund Recovery Penalties assessed against them pursuant to 26 U.S.C. § 6672. Specifically, on May 13, 2015, Whigham initiated this litigation against Defendant the United States of America (Defendant) for the recovery of $13,483.14 in tax penalties plus interest. Whigham alleges that tax penalties were erroneously and illegally assessed and collected from her as part of Defendant's claim that she failed to pay employment taxes withheld from the wages employees of Creative Management Solutions, Inc. (Creative Management) – a company owned by Fowler and where she was employed. (Doc. 1). On July 16, 2015, Defendant answered Whigham's complaint, denied her entitlement to a refund, and asserted a 26 U.S.C. § 6672 counterclaim against her for

the unpaid balance on the trust fund recovery penalties assessed (she had already paid a portion of the penalties).   (Doc. 8).

On July 23, 2015, Defendant filed a third-party complaint against Fowler pursuant to 26 U.S.C. § 6672 for trust fund recovery penalties (Count I) and indemnification (Count II), related to her alleged failure to collect and pay employment and income taxes that were withheld from Creative Management employees during certain tax years (2007-2008).   (Doc. 10).   Defendant alleges that Fowler was "the responsible person/officer" as she was President of Creative Management, held signatory authority over the bank accounts, authority to guarantee or co-sign loans, determined financial policies of the company, and directed/authorized payments to creditors and employees.   (Id.; Doc. 19-1 (Decltn. Salter)[1]).   Defendant contends that on March 15, 2010, a letter was sent to Fowler at her last known address proposing to assess Trust Fund Recovery Penalties against her equal to the amounts of taxes not paid for the tax periods at issue.   (Id.)   Fowler did not respond to this letter within the allotted time.   (Id.)   On July 5, 2010, Trust Fund Recovery Penalties were assessed against Fowler for the following tax periods:

| TAX PERIOD ENDING | AMOUNT OF § 6672 ASSESSMENT |
|---|---|
| June 30, 2007 | $29,531.54 |
| December 31, 2007 | $16,572.99 |
| March 31, 2008 | $13,151.10 |
| June 30, 2008 | $14,754.59 |
| September 30, 2008 | $11,337.01 |
| December 31, 2008 | $11,248.90 |

(Id.; Doc. 19-2).   Defendant asserts that Fowler received notice of the assessment and a demand for payment.   (Doc. 10; Doc. 19-1 (Decltn. Salter)).   Fowler did not pay the balance due. (Id.)   To date, Fowler has not paid the balance due and interest has accumulated on the penalties

---

[1] IRS Advisor.

2

since the assessment date. (Id.) Defendant asserts that as of November 20, 2015, Fowler owes **$96,928.80** plus interest which is continuing to accrue. (Id.)

Defendant further alleges that Fowler is jointly and severally liable with Plaintiff Whigham, for the income and employment taxes withheld from the wages of Creative Management employees but not paid to the United States during the relevant tax periods. From this, Defendant asserts that if it is found liable to Plaintiff in the amount of $13,483.14, then Fowler shall indemnify and be liable to the United States for that amount.

On August 6, 2015, Fowler was personally served with a copy of the summons and the Third-Party Complaint. (Doc. 14). On September 1, 2015, the Government moved for entry of a Clerk's Rule 55(a) Default against Fowler for her failure to plead or otherwise defend, as Fowler had failed to answer, appear, or otherwise respond.[2] (Doc. 15). On October 6, 2015, the Clerk entered a Rule 55(a) Default against Fowler. (Doc. 17). Defendant now moves for entry of a Rule 55(b) default judgment against Fowler for failure to appear or defend in this case.

## II. Standard of Review

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. Fed.R.Civ.P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation" the clerk must enter default judgment. Fed.R.Civ.P. 55(b)(1). In all other circumstances, such as here, "the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2).

---

[2] Indicating on the certificate of service that a copy of the application for default was sent to Fowler. (Doc. 15 at 3).

Rule 55(b)(2) of the <u>Federal Rules of Civil Procedure</u> provides, in relevant part, as follows with regard to entering a default judgment:

> (b) Entering a Default Judgment.
>
> * * *
>
> ***(2) By the Court.*** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

FED.R.CIV.P. 55(b)(2).

The Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." <u>Tyco Fire & Sec., LLC v. Alcocer</u>, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (*per curiam*) (citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." <u>Id</u>. (emphasis omitted). Therefore, Plaintiff must establish a "prima facie liability case" against the defendants. <u>Pitts ex rel. Pitts v. Seneca Sports, Inc.</u>, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted). Further, when assessing damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it

enters." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).  Overall, "there is a strong policy of determining cases on their merits" and therefore defaults are viewed "with disfavor." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  "Since this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the judgment." Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982).  Finally, "allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999).

### III.   Discussion

#### A.   Liability

At the outset, the Court is satisfied that Fowler has received notice of the default proceedings against it.  Additionally, a Clerk's entry of default was issued against Fowler in accordance with Rule 55(a) for failure to plead, answer or otherwise defend this case. Moreover, a hearing is not necessary because Defendant seeks a sum certain *which can be made ascertainable* from the pleadings, submitted documents, and allegations of the third-party complaint.  Securities and Exchange Commission v. Smyth, 420 F.3d 1225, 1231-1232 (11th Cir. 2005) ("Judgment of default awarding cash damages could not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation) (internal quotes and citations omitted); Id. at n.13 (noting that an "evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone....We have held that no such hearing is required where all essential evidence is already of record[]").

As to the merits of Defendant's third-party complaint, a court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[3] ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law[]"). In considering such a motion, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment. Fidelity & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

In its third-party complaint, Defendant alleges claims for trust fund recovery penalties and indemnification against Fowler based on her status as a responsible officer/person[4] of Creative Management. The Court is satisfied that the well-pleaded allegations of the third-party complaint state a basis for relief as to the 26 U.S.C. § 6672 trust fund recovery penalty claim asserted and that there is a substantive, sufficient basis for the relief Defendant seeks as to *that* claim -- but not as to the indemnification claim.

### 1. Trust Fund Recovery Penalties

Responsible officers of a business are thus required to withhold federal taxes from employees' wages and remit the amounts withheld to the United States. 26 U.S.C. §§ 3102(a), 3402(a). These withheld taxes constitute a special fund held in trust for the benefit of the United States -- a trust fund. 26 U.S.C. § 7501(a); Slodov v. United States, 436 U.S. 238,

---

[3] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[4] A responsible person is anyone "required to collect, truthfully account for, and pay over" trust fund taxes to the United States, including the officers or employees of a corporation who are under a duty to do so. 26 U.S.C. §§ 6672(a), 6671(b). "[C]ourts have generally taken a broad view of who constitutes a responsible person." Smith v. United States, 894 F.2d 1549, 1553 (11th Cir. 1990). Indicia of responsibility include: status as an officer, director, or controlling shareholder of the corporation; authority to draw or sign checks on the corporation's bank account, even if shared with another; and the ability to direct the corporation's financial affairs, including the day-to-day management decisions and the ability to hire and fire employees. Id.; Thibodeau v. United States, 828 F.2d 1499, 1503-1505 (11th Cir. 1987). It is well established that more than one person may be a "responsible person," and the existence of another responsible person will not relieve the first from liability for the penalty. Roth v. United States, 779 F.2d 1567, 1571-72 (11th Cir. 1986); Hornsby v. IRS, 588 F.2d 952, 954 (5th Cir. 1979).

242-245 (1978). If an employer fails to pay such trust fund taxes to the United States, the Government cannot seek to collect that money from the employees, Id. at 243, but must pursue the persons responsible and recover the amounts lost by assessing a penalty against them pursuant to Section 6672(a) of the Internal Revenue Code – the Trust Fund Recovery Penalty. The purpose of this penalty "is simply to provide a remedy to prevent the unnecessary loss of tax funds." Liddon v. United States, 448 F.2d 509, 512 (5th Cir. 1971).

Section 6672 of the Internal Revenue Code provides, in relevant part, that:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over…

26 U.S.C. § 6672(a). "Person" is defined to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

As specified in Brown v. US, 439 Fed. 772, 776 (11th Cir. 2011) (footnotes omitted):

> Under 26 U.S.C. § 6672, "the officers or employees of the employer responsible for effectuating the collection and payment of trust-fund taxes who willfully fail to do so are made personally liable [for] a 'penalty' equal to the amount of the delinquent taxes." *Slodov*, 436 U.S. at 244–45…The test for liability under § 6672(a) has two elements: "(1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." *Thosteson v. United States*, 331 F.3d 1294, 1298 (11th Cir.2003).

> A "responsible person" is "an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax." *Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987)….

> The willfulness requirement is satisfied "if the responsible person has knowledge of payments to other creditors after [s]he becomes aware of the failure to remit the withheld taxes." *Thosteson*, 331 F.3d at 1300. There is no requirement that willfulness of the responsible person include a fraudulent or other bad motive. *Id*.

7

Id. See 26 U.S.C. § 6672(a); Smith v. United States, 894 F.2d 1549, 1553 (11th Cir. 1990).

The well-pleaded allegations of the third-party complaint support entry of default judgment against Fowler on the trust recovery penalties claim. To establish a prima facie case for trust recovery penalties Defendant must: 1) prove the existence of a valid assessment against Fowler and 2) establish that she possessed the indicia of a responsible person for purposes of the Trust Fund Recovery Penalty. The burden then shifts to Fowler to prove a lack of willfulness in failing to pay the trust fund taxes. Mazo v. United States, 591 F.2d 1151, 1155 (5th Cir. 1979).

First, as to the validity of the Defendant's tax assessments, "[o]rdinarily, the Commissioner's determination of tax liability is presumed correct." Feldman v. C.I.R., 20 F.3d 1128, 1132 (11th Cir. 1994) (citing Welch v. Helvering, 290 U.S. 111, 115 (1933)). See also J.&O. Altschul Tobacco Co. v. C.I.R., 42 F.2d 609, 610 (5th Cir. 1930). "There is a presumption that a federal tax assessment issued by the IRS is valid. United States v. Chila, 871 F.2d 1015,1017–18 (11th Cir.1989) (finding that certified documents presented by the United States in support of the assessment provided the necessary statutory and regulatory information—"identification of the taxpayer, the character of the liability assesses, the taxable period, and the date and amount of the assessment." United States v. Hall, 2013 WL 6844099, *8 (S.D. Ala. Dec. 30, 2013). Thus, the taxpayer bears the burden of proving the determination erroneous or arbitrary. Welch, 290 U.S. at 115.

The Government has submitted a certified record of the assessments and the balance owed to support the validity of the assessments. The Court may rely on the Certificate of Assessments, Payments and Other Specified Matters Certificate of Assessments, Payments and Other Specified Matters (Doc. 19-2), to conclude that valid assessments were made against Fowler. Chila, 871 F.2d at 1017-1018. See also Olster v. Commissioner of Internal Revenue

Service, 751 F.2d 1168, 1174 (11th Cir. 1985) ("Absent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct.") (citations omitted).   The Court may also rely on the sworn declaration of V. Salter (Doc. 19-1 (Decltn. Salter)), to conclude that a balance remains due. Hall, 2013 WL 6844099, *8; (Doc. 19-1 (Decltn. Salter); Doc. 19-3).   Fowler has not appeared in this case and has not submitted any contradictory evidence.   Upon consideration, the Court finds that Defendant has proven the existence of a valid assessment against Fowler.

As to the second element – whether Fowler possessed the indicia of a responsible person -- the IRS investigated and determined that she was a person responsible to pay trust fund taxes to the United States.   (Doc. 19-1 (Decltn. Salter)).   The Court finds that Fowler possesses certain indicia of responsibility.   "A person is responsible within the meaning of § 6672 if she has a duty to collect, account for, or pay over taxes withheld from the wages of a company's employees[]" and "indicia of responsibility includes 'the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.'"   Brown, 769 F. Supp.2d at 1360-1361 (internal citations omitted). Based on the evidence submitted, during the tax periods at issue, Fowler was the President of Creative Management Solutions, she held signatory authority over the corporation's bank accounts, and she had the ability to direct the corporation's financial affairs, including by guaranteeing or co-signing loans.   Additionally, the Court may rely on the well-pleaded facts of the third-party complaint, deemed admitted, and the sworn declaration of Salter (Doc. 19-1 (Decltn. Salter)), to conclude that Fowler possessed sufficient indicia of responsibility to be considered a responsible person under Section 6672.   Further, Fowler has not appeared in this case and thus has not submitted any contradictory evidence.

Having satisfied these two elements, the question is whether Fowler acted willfully. As explained in Brown, 769 F.Supp.2d at 1361 (internal citations omitted): "'willfully' does not require proof of criminal intent; it simply means 'a voluntary, conscious, and intentional act, such as the payment of other creditors in preference to the United States.'…The responsible person acts willfully if she does not use her authority to make sure the funds are deposited and paid to the IRS rather than permitting the tax money to be paid to other creditors.…*Smith v. United States*, 894 F.2d 1549, 1553 (11th Cir.1990) ('The willfulness requirement of section 6672 is satisfied if there is evidence that the responsible officer had knowledge of payments to other creditors after he was aware of the failure to remit withholding taxes.')."[5] After determining that Fowler was a person responsible to pay trust fund taxes to the Government, the IRS concluded that her repeated failures to do so were willful. (Doc. 19-1 (Decltn. Salter)). As a result, a delegate of the Secretary of the Treasury then assessed Trust Fund Recovery Penalties against her on July 5, 2010 for the tax periods at issue. (Id.) Fowler has not appeared in this case and has not submitted any contradictory evidence or rebutted the IRS' determination. As such, upon consideration of the well-pleaded allegations of the third-party complaint and the evidence submitted, the record supports a finding that Fowler acted willfully.

Based on the foregoing, Defendant's motion is due to be **GRANTED** as to this claim.

**2.   Indemnification**

Defendant has wholly failed to brief its indemnification claim or provide any support for same. Instead, Defendant simply states in its prayer for relief that it moves for entry of default

---

[5] A willful act is a voluntary, conscious, and intentional act, including one taken "with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the Government." Mazo v. United States, 591 F.2d 1151, 1155 (5th Cir. 1979). For instance, it will suffice if the responsible officer intentionally preferred other creditors over the United States by making payments to them while knowing trust fund taxes were owed. Smith, 894 F.2d at 1553. It is no defense to show that a responsible officer merely "rubber-stamped" another's decision. Thosteson v. United States, 331 F.3d 1294, 1300 (11th Cir. 2003). The law requires personal fault, but not fraudulent intent, by the responsible person. Hewitt v. United States, 377 F.2d 921, 924 (5th Cir. 1967).

judgment against Fowler "in the amount of any judgment against the United States and in favor of the Plaintiff…Whigham, on her claim for refund in this case." (Doc. 19 at 9).   Defendant has failed to provide any support for its indemnification claim such that the Court is unable to sufficiently assess Defendant's motion for a default judgment against Fowler on that claim.

**B.     Damages**

Plaintiff requests entry of a default judgment against Fowler in the amount of **$96,928.80** plus interest which continues to accrue.   Upon review of the exhibits submitted in support of the motion, the Court is satisfied that the amount requested are due and owing to Defendant by Fowler.   As such, that portion of Defendant's motion for entry of default judgment damages, relative to Defendant's trust recovery penalties claim, is **GRANTED.**

**IV.    Conclusion**

Accordingly, it is **ORDERED** that Defendant's motion for default judgment against Fowler (Doc. 19) is **GRANTED in part** and **DENIED in part** as follows: **GRANTED** as to Defendant's third party claim for trust recovery penalties against Fowler such that Fowler shall pay **$96,928.80 plus accruing interest** to the Defendant United States of America; but **DENIED** as to Defendant's third party claim for indemnification.[6]

**DONE** and **ORDERED** this the **8th** day of **December 2015.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[6] Defendant has not sought entry of a Rule 54(b) judgment as to Fowler only, and thus, no judgment shall issue at this time.